IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION


BILLY R. MELOT,
Reg. No. 51537051,
    Petitioner,

v

Thomas E. Bergami, Warden,
    Respondent.

JUDGE PHILIP MARTINEZ

No. **EP19CV0104**


## PETITION FOR REVIEW AND DECLARATORY JUDGMENT


    I, Billy Melot, proceeding pro se, do file this Petition for Review and Declaratory Judgment and hereby move this court to order the Federal Bureau of Prisons ("BOP") to process my request for early release pursuant to the pilot program for elderly inmates described in the First Step Act of 2018 (the "Act"). Pursuant to Section 603(a) of the Act, inmates who are at least 60 years old and who have served at least two-thirds of their federal prison sentences are eligible for release to home confinement to serve out the remainder of their prison terms. In support of my motion, I hereby state, as follows:

1.    I am serving a sentence of 168 months of incarceration. Ass of the date of this Motion, I have served approximately one hundred eight months of my sentence. In accordance with the BOP's "good conduct time" policies, this one hundred eight months exceeds two-thirs of my total term. In the event my "good conduct time" is not included in the calculation, I will have served two-thirds of my nominal sentence on around August 20, 2019.

2.    My crime of conviction is for issues related to non-compliance with federal income tax laws. I am a first-time, non-violent offender.

3.    Other inmates that are similarly situated have been able to be released. By denying my release is a clear violation of Equal Protection Rights because one inmate who meets the criteria is allowed to enjoy the benefits of the First Step Act when I am being denied.

4. In accordance with the procedures set forth in the Act, I submitted a written request to Warden Thomas E. Bergami, the warden at FCI La Tuna in Anthony, Texas where I am currently serving my sentence. This request was submitted on or around January 31, 2019. On March 25, 2019, Warden Bergami declined my request. He cited my internal BOP disciplinary action for events that occured in July 2015. At that time, I was cited for a violation of BOP disciplinary codes for having climbed an internal fence and being out of bounds when an officer ordered me to cease movement. In the disciplinary proceedings, my actions were characterized as an "attempted escape" and I was sanctioned under the BOP disciplinary rules and regulations.

5. In a substantial number of cases in which an inmate takes action that is truly believed by the BOP to be an attempt at escape, the BOP works with the U.S. Attorney to bring additional federal charges for escape from a BOP facility. The internal "attempted escape" charge is generally relied upon as the sole remedy in a variety of less serious situations. The behavior that can (and often is) charged internally as "attempted escape" includes even inadvertently being in an area of prison grounds that is not specifically authorized for inmates.

6. As a non-violent, first time offender with a long history as a hard-working, dedicated family man, I believe the BOP understood that my actions in July 2015, were not in the nature of a true escape attempt. I submit that this is the reason the BOP opted to proceed only with an internal disciplinary action that resulted in relatively minor sanctions – i.e., sixty day loss of commissary privileges; loss of 42 "good conduct" days; and sixty day loss of visiting privileges. I have satisfied those sanctions and have moved forth with no other infractions.

7. I submit that current BOP staff, including Warden Bergami, are not familiar enough with the July 2015, events to make a reasoned judgment about their severity. I submit that the sanctions themselves and the decision of the BOP no to seek additional federal charges for these actions is strong evidence supporting the conclusion that the July 2015, actions did not rise to the level contemplated by the Act as an exclusionary event for elderly release.

8. As further evidence that my July 2015, actions were not of the nature that were intended to preclude consideration for elderly release, I direct the Court's attention to the numerous exclusionary factors set forth in the act to receipt of the benefits of the Act. The great majority of these

exclusionary factors require conviction of an actual crime in federal court, not simply imposition of minor sanctions following a summary internal BOP proceeding.

9.      If this Court grants the relief I am seeking, I will move to home confinement in Hobbs, New Mexico, where I will be closely supervised and cared for by my wife, Katie Melot, to whom I have been happily married for 37 years and with whom I have eight children.  In addition to the love and support of my wife, I have the love and support of my children and a large extended family, most of whom live within a few miles of my home in Hobbs.

10.     I submit that I am precisely the type of inmate for whom the elderly release pilot program was designed and intended.  I am 67 years old, a non-violent, first-time offender.  I am in good health.  I have a strong external support structure in place, and I have served the buld of my prison term without significant incident.

For the foregoing reasons, I hereby request that this Court order the BOP to process my request for release to home confinement and any additional relief this Court finds to be appropriate under the circumstances.

Respectfully submitted,

*Billy K. Melot*

Billy R. Melot
No. 51537051
FCI La Tuna
P. O. Box 3000
Anthony, NM 88021