IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| BILLY R. MELOT, | § | |
| Reg. No. 51537-051, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | EP-19-CV-104-PRM |
| | § | |
| THOMAS E. BERGAMI, Warden, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Petitioner Billy R. Melot's [hereinafter "Petitioner"] pro se "Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241" (ECF No. 1-2) [hereinafter "Petition"], received on April 8, 2019, in the above-captioned cause. Therein, Petitioner asked the Court to intervene on his behalf and order Respondent Warden Thomas E. Bergami [hereinafter "Respondent"] to grant him an early release from prison to home confinement pursuant to the Elderly Offender Home Detention Program (EOHDP), 34 U.S.C. § 60541(g). Pet. 8, Apr. 8, 2019, ECF No. 1-2. After due consideration, the Court is of the opinion that the Petition should be denied, for the reasons that follow.

## I. BACKGROUND

Petitioner is a prisoner at the La Tuna Federal Correctional Institution in Anthony, Texas. *Id.* at 1. FCI La Tuna is located within the Western District of Texas. 28 U.S.C. § 124(d)(3). Petitioner is serving a fourteen-year term of imprisonment for corruptly endeavoring to impede the administration of the Internal Revenue Code; willfully attempting to evade or defeat taxes; willfully failing to file tax returns; and making false statements to the U.S. Department of Agriculture. Am. J. Crim. Case, Aug. 19, 2016, ECF No. 310, *United States v. Melot*, 2:09-CR-2258-1-MCA (D.N.M.); *United States v. Melot*, 732 F.3d 1234 (10th Cir. 2013). His projected release date is August 30, 2022. *See* https://www.bop.gov/inmateloc/ (search for Reg. No. 51537-051) (last visited Apr. 22, 2019).

In his Petition, Petitioner maintains that he meets "all criteria" for early release to home confinement under the EOHDP. Pet. 7. Specifically, he explains that he "will have served two-thirds of [his] nominal sentence on . . . August 20, 2019." Pet'r's Pet. for Review and Decl. J. 1, Apr. 8, 2019, ECF No. 1-3. Additionally, he claims that he is

a 67-year old, non-violent offender who "will move to home confinement in Hobbs, New Mexico, where [he] will be closely supervised and cared for by [his] wife, Katie Melot." *Id.* at 3.

Petitioner states that he applied for early release to home confinement pursuant to the EOHDP on or about January 31, 2019. *Id.* at 2. However, Respondent denied Petitioner's request on March 25, 2019, because Petitioner received a disciplinary action for an attempted escape:

> He cited my internal BOP disciplinary action for events that occurred in July 2015. At that time, I was cited for a violation of BOP disciplinary codes for having climbed an internal fence and being out of bounds when an officer ordered me to cease movement. In the disciplinary proceedings, my actions were characterized as an "attempted escape" and I was sanctioned under the BOP disciplinary rules and regulations.

*Id.* Petitioner concedes that he "was sanctioned under the BOP disciplinary rules and regulations" with the loss of 42 days of good conduct credit. *Id.* He argues that Respondent violated his due process and equal protection rights when Respondent denied the request for early release pursuant to the EOHDP.

3

## II. APPLICABLE LAW

### A. 28 U.S.C. § 2241

"A section 2241 petition for habeas corpus on behalf of a sentenced prisoner attacks the manner in which his sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c) (2012). A § 2241 petitioner may make this attack only in the district court with jurisdiction over his custodian. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

During its initial screening of a habeas corpus petition, a reviewing court accepts a petitioner's allegations as true. 28 U.S.C. § 2243; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Additionally, a reviewing court evaluates a petition presented by a pro se petitioner under more a lenient standard than it would apply to a petition submitted by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A court must "award the writ or issue an order directing the

respondent to show cause why the writ should not be granted, unless it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

### B. 34 U.S.C. § 60541(g)

Pursuant to the EOHDP, the Attorney General "shall conduct a *pilot* program to determine the effectiveness of removing eligible elderly offenders and eligible terminally ill offenders from Bureau of Prisons facilities and placing such offenders on home detention until the expiration of the prison term to which the offender was sentenced." 34 U.S.C. § 60541(g)(1)(A) (emphasis added). In addition, "the Attorney General *may release* some or all eligible elderly offenders and eligible terminally ill offenders from Bureau of Prisons facilities to home detention, upon written request from either the Bureau of Prisons or an eligible elderly offender or eligible terminally ill offender." *Id.* § 60541(g)(1)(B) (emphasis added). In order to qualify for the pilot EOHDP, the elderly offender must (1) be "not less than 60 years of age";

(2) not have a conviction for a crime of violence or sex offense; (3) have "served 2/3 of the term of imprisonment to which the offender was sentenced"; (4) "not escaped, or attempted to escape, from a Bureau of Prisons institution"; (5) save the Bureau of Prisons money through his home detention; and (6) receive a determination by the Bureau of Prisons that he will "be at no substantial risk of engaging in criminal conduct or of endangering any person or the public if released to home detention." *Id.* § 60541(g)(5)(A).

## III. ANALYSIS

Petitioner asks the Court to order his early release from prison to home confinement pursuant to the EOHDP based on his age, offense, and availability of a place to live. Pet. 8. However, he concedes that he was disciplined while incarcerated by the Bureau of Prisons for an attempted escape. Pet'r's Pet. for Decl. J. 2. Hence, he does not qualify—and will never qualify—for release pursuant to the EOHDP because "he attempted to escape[ ] from a Bureau of Prisons institution." 34 U.S.C. § 60541(g)(5)(A)(v).

In addition, Petitioner fails to provide a statement from the

6

Bureau of Prisons that, if released to home detention, he will not be at substantial risk of engaging in criminal conduct or endangering other people. Furthermore, Petitioner neglects to provide the address of his proposed place of home confinement. In addition, he does not guarantee that he will arrange for the landline phone required for his monitoring and health insurance for his medical needs. Consequently, even if Petitioner did not have the prior history an attempted escape, he has not shown that he meets the criteria for early release to home confinement pursuant to the EOHDP.

Furthermore, the Supreme Court has consistently held that a prisoner has no constitutional right to confinement in any particular place, including in-home confinement. *See McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *Sandin v. Conner*, 515 U.S. 472, 478 (1995) ("[T]he Due Process Clause did not itself create a liberty interest in prisoners to be free from intrastate prison transfers."); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The conviction has sufficiently extinguished the defendant's liberty interest

to empower the State to confine him in any of its prisons."). The Attorney General—and by delegation the BOP—has the exclusive authority and discretion to designate the place of an inmate's confinement. *Moore v. United States Att'y Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973); *Ledesma v. United States*, 445 F.2d 1323, 1324 (5th Cir. 1971). Furthermore, in this case, the EOHDP is a pilot project, and the Attorney General retains the discretion to designate the institutions which will participate. "[A]ny approach that puts the judicial branch in charge of designating the place of confinement for a federal prisoner—no matter how well justified on utilitarian grounds—collides with 18 U.S.C. § 4082(b), which gives the Attorney General unfettered discretion to decide where to house federal prisoners." *In re Gee*, 815 F.2d 41, 42 (7th Cir. 1987).[1]

## IV. CONCLUSIONS AND ORDERS

In conclusion, the Court determines that Petitioner has neither alleged nor shown that he is "in custody in violation of the Constitution

---

[1] The statutory language in 18 U.S.C. § 4082(b) was re-codified through Pub. L. 94-473, Title 2 II, § 212(a)(2), Oct. 12, 1984, and is currently found at 18 U.S.C. § 3621(b).

or laws or treaties of the United States." 28 U.S.C. § 2241(c). Therefore, the Court concludes that it plainly appears from Petitioner's Petition that he is not entitled to § 2241 relief.

Accordingly, **IT IS ORDERED** that Petitioner Billy R. Melot's pro se "Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241" (ECF No. 1-2) is **DENIED** and his civil case is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as **MOOT**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

SIGNED this ___23___ day of April, 2019.

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE